CITY OF ASHEVILLE v. F. M. WEAVER ET AL.

(Filed 25 May, 1908.)

Cities and Towns—Condemnation of Lands—Notice to Owners—Description.

In condemnation proceedings by a city of lands beyond its limits for the purposes of waterworks and water supply, under authority conferred by statute, it is not necessary to enumerate in the resolution of the board of aldermen, or the notices to the owners given in pursuance thereof, the exact purposes for which the land might be needed, if the descriptive language of the statute is followed, which enumerates them in the disjunctive; and it is unnecessary to give exact boundaries, for it is sufficient if the various tracts are given and the owners notified.

ACTION heard by *Guion, J.,* at September Term, 1907, of BUNCOMBE.

*Davidson, Bourne & Parker* and *H. B. Carter* for plaintiff.

*J. M. Gudger, Jr., Frank Carter* and *Locke Craig* for defendants.

CLARK, C. J.   This is a proceeding to condemn certain lands, known as the "Dillingham Speculation Lands," as a watershed, and for erecting reservoirs and dams, laying pipes, putting up buildings and doing all other things necessary for the operation of waterworks by the city of Asheville, including the safeguarding of the purity of the water at its source of supply.   The proceeding was instituted by virtue of authority conferred by Private Laws 1901, ch. 100, secs. 65 and 66; also by Private Laws 1903, ch. 9, sec. 5.

The resolution was passed by the board of aldermen and notices duly served on the property holders, the jury summoned, who made their report, setting out the boundaries specifically, the purposes for which the land was condemned, and assessing the damages.   Their report was adopted by the board of aldermen.

Three of the landowners excepted and appealed to the Superior Court.   In that court they demurred, on the ground that the resolution of condemnation and the notice to the landowners were void for uncertainty, in that they did not "define the nature and extent of the appropriation of the lands of appellants nor point out the portion of the lands proposed to be appropriated or the nature or extent of the rights proposed to be acquired by said city in said land."

The material part of the resolution is as follows:

"The following proceedings were had at a meeting of the Board of Aldermen of the City of Asheville on 28 August, 1903:

"At a meeting of the Board of Aldermen of the City of Asheville held on 21 August, 1903, it was decided that, in the opinion of said board, certain lands belonging to the parties hereinafter named, or a right of way therein, were required

for the purpose of erecting, making or establishing reservoirs, dams or ponds, tanks or other receptacles of water, and for laying supply pipes and for obtaining a supply of water, and the erection or construction of houses, stations and machinery to be used in so doing, for the use of said city or its inhabitants, and for other purposes connected with the successful operation of waterworks in and for said city, including the protection of the watersheds on the Upper Swannanoa River, which constitute the source of water supply for said city, in order that said source of water supply may be kept pure and healthful; and it satisfactorily appearing that said board of aldermen and the owner or owners of such lands or right of way cannot agree as to the price to be paid therefor, and it further appearing to the said board of aldermen that said property lies without the limits of said city: It is therefore ordered by said board of aldermen that the mayor of said city of Asheville forthwith issue his writ, under the seal of said city," etc., following the usual form. The writ from the mayor and the notices to landowners conformed to the words of the resolution, and the proceedings were in the regular legal forms.

The demurrer raises the objection that the resolution and notices used the word "or" in stating the purposes. In this the plaintiff copied *verbatim* the words of the statute, and defendants' authorities that the statute in such cases must be *strictly* followed are singularly against them. The plaintiff did not know before the survey and examination for what purposes it might need the land; so it enumerated them all in the disjunctive, as in the statute. For the same reason the exact boundaries of the lands to be taken could not be known and were not given, but the tracts to be affected were given and the owners duly notified. The report of the jury, after viewing the land, recites with entire definiteness the boundaries of the land condemned and the purposes for which it was taken, and

assesses the damages.    This was sufficient.    It was the lands and for the purposes stated in their report that the jury assessed the damages.

The judgment overruling the demurrer is
Affirmed.